IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPW ENGINEERING GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 04-794C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The introductory paragraph of plaintiff's complaint contains no factual allegations requiring a response. To the extent the introductory paragraph may be deemed to contain allegations requiring a response, they are denied.

The Parties

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

Jurisdiction

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent paragraph 3 may be deemed to contain allegations of fact, they are denied.

Factual Allegations and Statement of Claim

4. Admits the allegations contained in paragraph 4 to the extent supported by the referenced request for proposals, the response thereto, the specifications, and the proposed

contract, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6 to the extent supported by the Preliminary Design Review cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 6. Admits the remaining allegations contained in paragraph 6.

7. Admits the allegations contained in the first sentence of paragraph 7 to the extent supported by the Critical Design Review cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 7. Admits the remaining allegations contained in paragraph 7.

8. Denies the allegations contained in the first sentences of paragraph 8. Admits the allegations contained in the second sentence of paragraph 8. Regarding the allegations contained in the third sentence of paragraph 8, admits that plaintiff submitted an upgrade proposal; otherwise, denies the allegations contained in the third sentence of paragraph 8.

9. Admits that SPW submitted a list of specification changes on or about February 29, 2000. Denies the remaining allegations contained in paragraph 9.

10. Admits that the required concurrence was delivered to plaintiff on or about March 30, 2000. Denies the remaining allegations contained in paragraph 10.

11. Denies.

12. Admits the allegations contained in the first sentence of paragraph 12. Admits the allegations contained in the second and fourth sentences of paragraph 12 to the extent supported by the June 8, 2000 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second and fourth sentences of paragraph 12. Denies the allegations contained in the third sentence of paragraph 12.

13. Admits that plaintiff delivered a formal proposal to the Army in connection with the Interface Change, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Admits the allegations contained in paragraph 15 to the extent supported by the change order cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 15.

16. Denies.

17. Denies.

18. Admits the allegations contained in the first sentence of paragraph 18. Denies the allegations contained in the second sentence of paragraph 18. Affirmatively avers that, on April 9, 2001, technicians from the Connecticut Army National Guard Classification and Repair Activity Depot reported that the results of the acceptance testing conducted at plaintiff's manufacturing facility on April 2–5, 2001, were unacceptable.

19. Admits that plaintiff attempted to have the Army accept the first Hydraulic Test Stand (Unit 1). Denies the remaining allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 20.

21. Admits that the Army responded to plaintiff's February 6, 2002, letter with correspondence dated February 12, 2002, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 21.

22. Denies. Affirmatively avers that plaintiff delivered only partially completed Test Stands with a substantial number of missing components.

23. Admits the allegations contained in paragraph 23 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the cited contracting officer's final decision, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 24.

<u>Count I</u>
(Breach of Contract – Contract Balance)

25. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 24 of the complaint as if fully set forth herein.

26. The allegations contained in paragraph 26 constitute conclusions of law to which no answer is required; to the extent paragraph 26 may be deemed to contain allegations of fact, they are admitted to the extent they are supported by the document cited in paragraph 5, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 26.

27. Denies.

28. Admits.

29. Admits that the Army has refused to pay the Contract Balance demanded by plaintiff. Denies the remaining allegations contained in paragraph 29.

30. Denies.

31. Denies.

32. Denies. Further denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 32, or to any relief whatsoever.

Count II
(Breach of Contract – Contract Changes and Delays)

33. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 32 of the complaint as if fully set forth herein.

34. Denies.

35. Denies.

36. Denies.

37. Denies.

38. Denies. Further denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 38, or to any relief whatsoever.

39. Denies each and every allegation not previously admitted or otherwise qualified.

First Affirmative Defense

Plaintiff's complaint is barred in whole or in part by accord and satisfaction.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
DAVID M. COHEN
Director

/s/ Robert E. Kirschman, Jr.

ROBERT E. KIRSCHMAN, JR.
Assistant Director

/s/ Gregory T. Jaeger

GREGORY T. JAEGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-7955

July 20, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on July 20, 2004, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Gregory T. Jaeger