IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPW ENGINEERING GROUP, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | 04-794C (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Section III, Appendix A, of the Rules of the United States Court of Federal Claims ("RCFC"), the parties respectfully report as follows:

a. Jurisdiction: Plaintiff, SPW Engineering Group, Inc. ("SPW"), believes that the Court possesses jurisdiction to entertain its lawsuit. Defendant, the United States, has identified no reason to question the Court's jurisdiction at this time.

b. Consolidation: The parties believe that this case need not be consolidated with any other case.

c. Bifurcation: At present, the parties believe that bifurcation is unnecessary. The parties recognize that, depending upon the liability issues that present themselves for trial, bifurcation may become appropriate at a later time.

d. Deferral: The parties do not believe that further proceedings in this action should be deferred pending consideration of another case before this Court, or any other tribunal.

e. Remand/Suspension: The parties do not intend to request a remand or a suspension in this case.

f. Additional Parties: The parties do not anticipate joining any additional parties to this lawsuit.

g. Dispositive Motions: SPW does not contemplate filing a dispositive motion at this time, but may do so if the evidence warrants. At present, the Government is not in a position to determine whether it will file a dispositive motion, but will consider such a motion after discovery, if the evidence warrants.

h. Relevant Factual and Legal Issues: SPW states that on or about September 7, 1999, SPW and the United States entered into Contract No. DAHA06-99-007, pursuant to which SPW designed and constructed certain Test Stands (the "Contract"). The original Contract price was $583,000.

As the design of the Test Stands progressed, it became apparent to SPW that the Army wanted features in the Test Stands that had not been detailed in the specifications nor included in the Preliminary Design Review or the Critical Design Review. No new specifications were produced by the Army. On January 28, 2000, SPW submitted an upgrade proposal to cover the new features, and on February 29, 2000, SPW submitted a list of specification changes based on its understanding of the Army's wishes. Notwithstanding the necessity for prompt concurrence by the Army to the changes, it was not until March 30, 2000 that SPW received the required concurrence. As a consequence of the changed specifications and the delays caused by the requests, SPW's costs increased and its schedule was delayed.

In late May 2000, the Army requested an additional change in the Test Stands, this change relating to the design of the pump with respect to interface mounting capabilities (the "Interface Change"). On June 8, 2000, SPW advised the Army in writing that SPW could make the Interface Change, but could not do so as part of the existing fixed price contact. SPW also advised the Army that it needed prompt concurrence on pump and motor models to be tested. SPW emphasized in its June 8, 2000 letter that the issues raised in the letter were "extremely

important issues and need to be resolved quickly." (emphasis in original). On July 13, 2000, with no word back from the Army, SPW itself prepared and sent a formal proposal to the Army for an increase of $45,980 to accomplish the Interface Change. In July, August, September, October, and November of 2000, SPW made repeated efforts to secure a response from the Army regarding the Interface Change and other open items. On December 1, 2000, over a weekend, SPW received a fax transmission from the Army consisting of a change order for the Interface Change in accordance with the proposal submitted by SPW on July 13, 2000. As a consequence of the delay in receiving the change order for the Interface Change, SPW's schedule was further eroded, its cost of performing the contract further increased, and its business and finances further impacted.

In January 2001, SPW advised the Army that SPW had completed testing and was then prepared to deliver Unit 1, with Unit 2 to be ready for delivery within three weeks. The Unit 1 that was ready to be delivered met and in many instances exceeded the specifications called for by the Contract. Shortly thereafter, the Army orally advised SPW that the Test Stands did not have all the functions the Army desired. However, the Army did not then, nor did it ever, claim, nor could it properly do so, that the Test Stands failed to meet the specifications of the Contract.

Between January of 2001 and February of 2002, SPW attempted to have the Army accept Unit 1 or to agree to an upgrade proposal to include the new functions the Army desired. Finally, on February 6, 2002, SPW wrote to the Army that "It has come time for SPW to end this contract." The Army responded on February 12, 2002, agreeing that "the contract has come to completion" and, for the first time, authorizing delivery of the Test Stands. SPW delivered the Test Stands in March of 2002.

SPW believes that the relevant issues are:

1. Did the United States of America, acting through the Department of the Army, NGB (the "Army") breach its contract with SPW Engineering Group, Inc. ("SPW") by failing to pay contract balance due, and, if so, what contract balance is due?

2. Did the Army breach its contract with SPW by failing to pay for additional work ordered by the Army, and, if so, what are SPW's damages?

3. Did the Army breach its contract with SPW by delaying the progress of SPW's work and, if so, what are SPW's damages?

The Government does not contest SPW's statement of the issues, except to the extent the statement presumes: (1) that there is a contract balance due; (2) that the Army failed to pay for additional work; and (3) that the Army delayed SPW's work. In addition, the Government contends that SPW has failed to establish both entitlement and quantum with respect to its claims. The Government also contends that the "upgrades" referenced by SPW were, in fact, specification requirements to which SPW agreed pursuant to the original contract. The Government further contends that the hydraulic test stands failed to meet acceptance testing requirements, were delivered with missing components, and were not installed in compliance with contractual requirements. As a result, SPW's claims for payment of the contract balance and for damages related to alleged contract changes fail. Finally, the Government contends that any delay incurred by SPW is the result of its own failure to comply with contractual requirements.

i. Settlement/ADR: The parties have discussed settlement, and intend to continue informal discussions as the litigation proceeds. At this time, however, the parties cannot state whether settlement is likely, or whether ADR is appropriate.

j. Trial Status: At present, if the case cannot be resolved by dispositive motions or settlement, the parties intend to proceed to trial. Neither party requests expedited trial scheduling.

k. Electronic Case Management: At this time, the parties are aware of no special issues regarding electronic case management needs.

l. Additional Information: SPW intends to file a motion to amend its complaint to include a count based upon the Prompt Payment Act, 31 U.S.C. §§ 3901, et seq. The Government will respond based upon its review of the motion. The parties are aware of no other information of which the Court should be aware at this time.

Proposed Discovery Plan

Plaintiff proposes the following discovery schedule:

| | |
|---|---|
| Deadline for Initial Disclosures pursuant to RCFC 26(a)(1) | October 8, 2004 |
| SPW's Expert Report | February 1, 2005 |
| United States' Expert Report | March 1, 2005 |
| Close of all Discovery | April 1, 2005 |

Defendant concurs with above schedule, except that it recommends that there also be a deadline of January 31, 2005 for the completion of fact discovery.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Joseph A. MacManus, Jr.

JOSEPH A. McMANUS, JR.
McManus, Schor, Asmar
& Darden, L.L.P.
1301 Connecticut Avenue, N.W.
Sixth Floor
Washington, D.C. 20036
(202) 296-9260

Attorney for Plaintiff

September 17, 2004

/s/ Robert E. Kirschman, Jr.

ROBERT E. KIRSCHMAN, JR.
Assistant Director

/s/ Gregory T. Jaeger

GREGORY T. JAEGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-7955

Attorneys for Defendant

September 17, 2004

CERTIFICATE OF FILING

I hereby certify that on September 17, 2004, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Gregory T. Jaeger